## LE GRAND et ux. v. UNITED STATES.

### Civ. A. No. 6626.

United States District Court
N. D. Ohio, W. D.
June 20, 1952.

————◆————

Fuller, Harrington & Seney, Henry W. Seney, Donald M. Hawkins, Thomas L. Dalrymple, Toledo, Ohio, for plaintiff.

John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., Toledo, Ohio, Ellis N. Slack, Acting Asst. Atty. Gen., Andrew D. Sharpe and Walter H. Beaman, Jr., Sp. Assts. to the Atty. Gen., for defendant.

KLOEB, District Judge.

This case was tried to the Court on March 21, 1952, and was submitted on the evidence, the stipulation of the parties (Plaintiff's Exhibit 1), and the briefs.

The action is for the recovery of income taxes in the sum of $692.31, plus interest, paid by plaintiffs for the taxable year 1947. Plaintiffs are husband and wife. On July 1, 1946, and for some years prior thereto, plaintiff Joseph A. LeGrand was employed by the Kimble Glass Company, of Vineland, New Jersey, as a sales correspondent. At that time the Owens-Illinois Glass Company, of Toledo, Ohio, acquired the Kimble Glass Company and, on March 1, 1947, the executive offices of the Kimble Company were moved to Toledo and twenty-six of the Kimble employees, including Joseph A. LeGrand, were requested to move to Toledo. The factory remained in Vineland.

Vineland, New Jersey was at that time a comparatively low rental community and Toledo was a high rental community.

Paragraphs 10, 11 and 12 of the stipulation, Plaintiff's Exhibit 1, read as follows:

"10. Owens-Illinois Glass Company promised every employee requested to move from Vineland that, if he should be unable to find suitable rental housing in Toledo, and if he purchased a personal residence there, the company would pay him a sum equal to one quarter of the cost of the residence or $4,000, whichever was the less.

"11. Joseph A. LeGrand was officially transferred from Vineland, New Jersey, to Toledo, Ohio, as of July 1, 1947, and actually moved to Toledo early in August of that year. He was not able to find suitable rental housing there. Prior to August 26, 1947, he contracted to purchase a residence at 3785 Monroe Street for a price of $11,600. The purchase was completed on September 12, 1947. Ellen C. LeGrand followed her husband to Toledo on or about October 2, 1947.

"12. Owens-Illinois Glass Company was notified of the plaintiff's purchase of the residence, and on August 26, 1947, that company paid the plaintiff according to its offer a sum equal to one fourth of the cost of the residence, $2,900. From this amount the Owens-Illinois Glass Company withheld the sum of $551.00 as withholding taxes."

It is noted that the concluding sentence of paragraph 12, just quoted, agrees that the Owens-Illinois Glass Company with-

held the sum of $551 as withholding taxes. Frank G. Morfoot, assistant secretary and assistant treasurer of the Owens-Illinois Glass Company, and manager of the tax, real estate, and insurance department of that company, testified (T. 30) that the $2,900 payment was put through the books of the salary-payroll department but that this was done primarily for reasons of convenience and expediency.

Sec. 22(a), 26 U.S.C.A., reads as follows:

"General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

It is the contention of plaintiffs that this payment of $2,900 did not fall within the classification of "compensation for personal service", nor did it fall within "income derived from any source whatever", but that the payment clearly was a capital payment or that the Court may look upon it as a gift from the Owens-Illinois Glass Company to the plaintiff, Joseph A. LeGrand, if the Court concluded that plaintiffs had sustained the burden of proof that it did constitute a gift.

It is the position of the defense that the payment of the $2,900 constituted taxable income because it was paid to the plaintiff in order to induce him to change his domicile so that he might continue to work for his new employer.

The Court is of the opinion that, this payment could under no circumstance be regarded as a gift. It was not a gratuitous payment on the part of the Owens-Illinois Glass Company, for the reason that there is nothing in the record to so distinguish it, and for the added reason that a valuable consideration, to-wit, the removal of plaintiff's residence from New Jersey, and the reestablishment of his residence in Toledo, where the company could continue to benefit from his desired services, passed to the Owens-Illinois Glass Company in exchange for the $2,900.

The Court is of the opinion that this payment of $2,900 did not constitute a capital payment as contended by plaintiffs. The conditions of the payment are set forth in paragraph 10 of the stipulation, as heretofore quoted, and they provide that "if he purchased a personal residence there, the company would pay him a sum equal to one quarter of the cost of the residence or $4,000, whichever was the less".

The payment was made to him without any condition attached that would require him to apply it to the purchase of the residence. There is nothing in the record that indicates that he did so apply it. The payment was made to him with no conditions attached. He could, and undoubtedly did, use the money as he saw fit. The Court looks upon this as a payment made by the Owens-Illinois Glass Company for the purpose of equalizing the compensation of the plaintiff in the year 1947, which was lessened because of the requirement that he move his residence from a low rental area to a high rental area at a substantially increased cost to himself. The Owens-Illinois Company, by such action, secured for itself the continued valuable services of the plaintiff and it was calculated that the plaintiff would suffer no financial loss through the necessity of removing from one city to the other. The Court therefore believes that this payment was remuneration for services of the taxpayer, designed to secure his continued employment, and for that reason was taxable income and the tax on same was properly assessed and paid.

The complaint is, therefore, dismissed as prayed for and judgment may be entered in favor of defendant and against plaintiffs, together with costs.

In view of this detailed opinion of the Court, findings of fact and conclusions of law are not ordered.

An order may be drawn accordingly and filed within one (1) week.